Good morning once again, Your Honors. This is a situation in which the immigration judge erroneously denied relief, relying on speculation and conjecture to find that identity documents were insufficient to establish petitioner's identity, finding that he failed to find a nexus of an imputed political opinion, failing to find that he had suffered the degree of harm that would warrant a finding of past persecution, and ultimately failing to find that country conditions did not allow for the petitioner's safe return throughout India. On the issue of the nexus, there is ample case law from this Court that indicates that even if an applicant did not himself possess a political opinion, he can establish an imputed political opinion when the authorities believe that he holds some sort of anti-national opinion. In this case, the Respondent's testimony was credible and consistent, and that testimony showed that the Indian police falsely attributed an anti-national opinion on him based on what they believed were his associations with terrorists and based on his own comments made at a religious service calling for the creation of Khalistan, a separate Sikh state. Can I ask you a question on the credibility aspect? If I understand it correctly, in his application for redetermination of custody status, he said that he had been a farm worker from 1996 to 2001. But obviously, it was during that period of time when he was driving, said he was driving a taxi in Delhi. And if that's the case, then why  that's not, I mean, a totally inconsistent, at least when I was in Delhi, I didn't see any farms. If that's true, then why couldn't the I.J. disbelieve the circumstances of his arrest? Maybe in other circumstances, the I.J. would be well advised to find that to be an inconsistency. However, the custody redetermination hearing is more akin to a credible fear interview or an airport interview in the sense that it's the first time that the applicant is confronted by United States authorities and asked about his case. And there may not be the same formalities that one would find in, say, an asylum interview setting or in a courtroom setting. The officer who conducted that redetermination hearing was not present when the I.J. was presented, when the statements from the petitioner were taken. We don't know whether the statements were read back to him, whether he agreed with his content. So there was ample room for error to occur, not just from the petitioner, but from the person taking down those statements. So based on the many cases that this Court has relied upon to find that those kind of dates as, say, for example, an asylum interview, that he was not present when the statement was taken. The Court is the explanation for the fact that he's saying that he was driving a taxi when he was on the farm. Right. But we don't know whether he understood correctly the dates that he was asked that he worked in the farm. Perhaps he was referring to an earlier time period. Did he ever attempt to correct that? We don't know if he was given the opportunity at the time that those initial statements were made, and that is why those statements should not be given the same weight as his statements in court or when he prepared his application. Did he try to correct that and explain it? I think he just denied that he had said that he worked on the farm during that relevant time period. Oh. He simply denied it. I also want to make mention the IJA's reliance on the failure of an alleged witness to appear. There was a person named Chris Kalomogos, if I'm saying his name correctly, that the petitioner's earlier attorney said may be an available witness. And there's nothing in this record to show that he would have anything relevant to say about the actual case. There's nothing to show that he was a witness during the events in question in India, nor that he had some knowledge of those events while he was here in the United States. And, therefore, the IJA's reliance on his failure to appear is completely unsubstantiated and is a basis for reversal. If there's nothing more, I'll save my comments. Thank you. Surely. Ms. Heller. Good morning. May it please the Court. Zoe Heller on behalf of the Attorney General. This case involves a native of India, a Sikh, who the immigration judge found was not credible. The immigration judge did not make a merits finding here. The immigration judge evaluated Mr. Singh's demeanor, the background evidence, as well as his testimony in finding that Mr. Singh was not credible. In particular, the immigration judge found Mr. Singh failed to credibly establish his identity, as well as that Mr. Singh provided vague and implausible testimony regarding his claims of persecution in India. And also that, given that Mr. Singh's credibility was called into question, that Mr. Singh failed to corroborate his claims. The immigration judge here identified specific and cogent reasons supporting his finding, and substantial evidence supports that, and this Court should deny the petition for review. Here, counsel is arguing, again, the merits of this case, but substantial evidence shows ample support for the immigration judge's adverse credibility finding. In particular, what the immigration judge found was this material omission, which was Mr. Singh's occupation when he claimed that he was arrested and beaten in December of 2000 for driving three people, orderly speaking, industry-looking people around a deli in his taxi. As the immigration judge found, if Mr. Singh was not, in fact, driving his taxi, it's inherently implausible that he would have been arrested on his basis and calls into question his whole claim that he was driving these three men around in a taxi for a day. In fact, the day after he claims that these three men participated in the Red Fort bombing. Again, nothing in this record compels reversal of the immigration judge's findings, and if this Court has no further questions or any questions, we will submit on the briefs. Thank you. Thank you. Ms. Lifkin. I wanted to comment on the issue of identity. Here the petitioner had submitted a driver's license, his children's birth certificates, and several other documents. The IJ refused to use the driver's license, which had his photo likeness, his name, and corroborated his other particulars. He refused to give any weight to this document without any basis. This document was not submitted for forensics review to see if it was fraudulent. This document had nothing else on its face that would warrant the IJ's finding to determine that it was insufficient to establish his identity. Absent that and relying only on his speculation, that document should have been sufficient to establish the petitioner's identity. Secondly, the judge did review the merits of the case by finding that a nexus was not established, and as I argued earlier, it had been. I also want to say one thing about the country condition finding. The judge was not able to point to any specific points in the background documentation to show that the petitioner could safely relocate. He simply made a generalized finding that conditions have improved. And as the court has noted in other cases, that is insufficient as an individualized analysis of how the particular applicant would fare returning back to his country and the circumstances that are currently ongoing in that country. That's the kind of analysis that's needed. That wasn't done. Based on that, the court should remand as well. Thank you. Thank you, counsel. The matter just argued to be submitted. Let me say something I just neglected to say at the outset, and that is the court appreciates your all showing up at a slightly early hour for the calendar. So thank you for that as well. The matter just argued will be submitted.
judges: Hug, Rymer, McKeown